IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-60769
Summary Calendar
_____

SUPERIOR CUSTOM CABINET COMPANY, INC.,

                                        Petitioner,

versus

OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION,

                                        Respondent.

- - - - - - - - - -
On Petition for Review of an Order
of the Occupational Safety and Health Review Commission
(Docket No. 94-0200, dated September 26, 1997)
- - - - - - - - - -
September 2, 1998

Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

    Superior Custom Cabinet Company, Inc. ("Superior") petitions

for review of an order of the Occupational Safety and Health Review

Commission (the "Commission"), which cited Superior for four

serious violations of construction standards under 29 C.F.R. §§

1926.20(b)(2), 1926.21(b)(2), 1926.500(d)(1),[2] and 1926.1052(c)(1),

and imposed a penalty of $2,000.  The Occupational Safety and

_____

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

    [2]  29 C.F.R. § 1926.500(d)(1) was revised and recodified at 29
C.F.R. § 1926.501(b)(1) in 1994.  Citations in this opinion are to
the 1993 Code of Federal Regulations, which was in effect at the
time of the incident at issue here.

1

Health Administration ("OSHA") issued the citation after a Superior employee was killed as a result of falling from an unguarded landing at a worksite while carrying a cabinet up a flight of stairs. We DENY the petition for review and AFFIRM the decision of the Commission.

The citation alleged that Superior had committed serious violations by: (1) failing to give employees adequate instruction on the recognition and avoidance of unsafe conditions and regulations applicable to their worksite, *see* 29 C.F.R. § 1926.21(b)(2); (2) failing to provide for the required inspection of the worksite, *see* 29 C.F.R. § 1926.20(b)(2); (3) violating the requirement that there be a guardrail on the stairs, *see* 29 C.F.R. §1926.1052(c)(1); and (4) violating the requirement that there be a guardrail on the landing, *see* 29 C.F.R. § 1926.500(d)(1).

On review of an order of the Occupational Safety and Health Review Commission, we are bound by factual findings if they are supported by substantial evidence in the record, and we may reverse the Commission's conclusions only if they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *See Corbesco, Inc. v. Dole,* 926 F.2d 422, 425 (5th Cir. 1991) (quoting 5 U.S.C.A. § 706(2)(A)). Additionally, this court has emphasized that

> [T]he Secretary's interpretation of an OSHA regulation is entitled to great deference. We have held that the promulgator's interpretation is controlling as long as it is one of several reasonable interpretations, although it may not appear as reasonable as some other.

*Everglades Sugar Refinery, Inc. v. Donovan,* 658 F.2d 1076, 1081

2

(5th Cir. 1981)(internal quotation marks and citations omitted; brackets in original).  With this standard in mind, we consider Superior's arguments regarding each of the violations in turn.

First, Superior argues that the Commission has misinterpreted § 1926.21(b)(2) to require that safety training include more specific instructions than those Superior provided its delivery crews.  Superior argues that the Secretary had the burden of proving that its instructions were significantly less extensive than a reasonably prudent employer would have given in the same circumstances and that, because no evidence regarding other employers was submitted, this burden was not met.  According to Superior, it would not be realistic for it to give specific instructions to its crews regarding how to deal with every hazard that might be encountered on their deliveries.

Based on the testimony of several Superior employees, the Commission found that the company's instructions on avoiding hazards left the employees too much discretion in identifying unsafe conditions.  We find that there was substantial evidence to support the factual conclusion that Superior's instructions left employees with different ideas about when stairways without rails are dangerous, and that its legal conclusion that this left the employees with too much discretion in identifying unsafe conditions was reasonable.  Moreover, as the Commission pointed out, employers must model their rules on the relevant regulations.  *See Secretary of Labor v. El Paso Crane & Rigging Co.,* 16 BNA OSHC 1419, 1425 n.6 (and cases cited therein), 1993-95 CCH OSHD 30,231, 41,621 n.6 (No.

3

90-1106, 1993), 1993 WL 393508 at 12 n.6 (O.S.H.R.C.). It was reasonable for the Commission to conclude that Superior's general instructions to avoid dangerous situations did not adequately reflect the regulations that set out standards requiring guardrails on stairs and landings, *see* 29 C.F.R. §§ 1926.1052(c)(1) and 1926.500(d)(1), and that no further analysis of what a reasonably prudent employer would do was necessary to establish a violation. This case is distinguishable from *El Paso Crane,* which Superior cites for the proposition that an employer's instructions may be adequate though they leave employees discretion. In *El Paso Crane,* the employer offered evidence of more extensive safety training and a more persuasive argument as to why, given the type of work they were engaged in, it was reasonable to give its employees discretion to make certain safety decisions. El Paso Crane's instructions to its employees did not ignore the relevant federal regulations (in fact, part of El Paso Crane's training program involved giving employees copies of the OSHA standards). In contrast, for Superior to leave decisions regarding the use of unguarded stairways and landings to the discretion of employees was directly at odds with the relevant regulations. Superior's argument that it could not foresee and give specific instructions on every potential hazard its employees might encounter cannot excuse it from not having given specific instructions on the particular kinds of hazards for which there are clear federal regulations that do not allow for discretion.

Next, Superior challenges the Commission's holding that

4

Superior violated 29 C.F.R. § 1926.20(b)(2), which requires employers to "provide for frequent and regular inspections of the job sites, materials, and equipment to be made by competent persons designated by the employer." According to Superior, the Commission erred by finding a violation on the basis of the conclusion that it was unreasonable for the person who was supposed to conduct inspections for this crew not to inspect the stairway or second floor.[3] Superior argues that the issue is whether it had designated a competent person to make inspections, not whether that person made a reasonable decision in this case about whether to inspect upstairs. Superior offers evidence of the training and background of the person it says was designated on this crew to make inspections, and argues that it met its responsibilities under the regulation by designating someone whose training and background made it reasonable to believe he was competent. The Secretary argues that the regulation requires that frequent and regular inspections actually *be made* by competent designated persons, not just that competent persons be designated to make them, and that the Commission therefore properly found a violation when it concluded that a competent inspection had not been made in this situation.

The Commission based its finding that it was unreasonable for

---

[3] Superior makes much of the fact that the delivery ticket erroneously indicated that the cabinets were to go downstairs. It offers no evidence, however, that the accuracy of the delivery ticket was not its own responsibility. While the error on the ticket might explain the failure to inspect the stairs and second floor, it does not excuse that failure nor relieve Superior of its obligations regarding inspection.

5

the designated person not to inspect the second floor on evidence that the cabinets being delivered were for a master bathroom and testimony that it was clear that the bathroom on the first floor was not a master bathroom. This finding is supported by substantial evidence. It is not clear from the Commission's opinion exactly how it construed the requirements of the regulation. There are, however, reasonable interpretations of the regulation that would allow the Commission to conclude from the unreasonableness of the failure to inspect the second floor that § 1926.20(b)(2) had been violated. Accordingly, we affirm the Commission's holding that there was such a violation.

Finally, Superior argues that it established the affirmative defense of employee misconduct with respect to the alleged violations of §§ 1926.500(d)(1) and 1926.1052(c)(1). It is undisputed that the stairs and landing where the accident occurred were unguarded. The Commission held that Superior failed to establish two elements of the employee misconduct defense: that the employer adopted work rules designed to prevent the violation, and that the employer had effectively enforced the rules when violations were discovered. On appeal, Superior argues that it had adopted work rules designed to prevent the violations in question, and had effectively enforced them. Its arguments on the first of these points are essentially the same as those it raised in arguing that its training and instructions were adequate. As discussed above, those arguments are unpersuasive. Superior's general instructions to avoid unsafe hazards were not--as is required--

6

modeled on the relevant regulations. Those instructions therefore were not adequately designed to prevent the violations of the regulations that occurred. Because Superior has not shown that it adopted work rules sufficient to establish the employee misconduct defense, we need not consider whether its rules were effectively enforced.

For the foregoing reasons, the petition for review is DENIED and the decision of the Commission is AFFIRMED.